**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LUIS FELIPE GONZALEZ SALAZAR, | Civil Action No. 26-2594 (ZNQ) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| LUIS SOTO, *et al.*, | |
| Respondents. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Luis Felipe Gonzalez Salazar's petition for a writ of habeas corpus (ECF No. 1) and motion seeking a temporary restraining order. (ECF No. 2.)  Following an order to show cause (ECF No. 3), the Government filed a letter response. (ECF No. 4.)  Petitioner thereafter filed a reply.  (ECF No. 6.)  For the following reasons, Petitioner's habeas petition is granted, and Petitioner shall be released.  Petitioner's motion seeking a temporary restraining order is denied as moot in light of the order granting Petitioner's release.

Petitioner is a native and citizen of Colombia who entered the United States without admission or inspection prior to an initial encounter with border patrol agents in October 2023. (ECF No. 4-2 at 2.)  Following his initial encounter with border patrol, Petitioner was released on his own recognizance and issued a notice to appear for future removal proceedings. (*Id.*)  Petitioner was thereafter permitted by the Government to remain at large for over two years, during which time he was granted a work authorization.  (*Id.*)  On March 5, 2026, however, Petitioner was arrested by immigration officers and placed into detention, purportedly pursuant to 8 U.S.C. § 1225(b)(2). (*Id.*)  According to immigration records Petitioner has no criminal history.  (*Id.*)

1

In responding to Petitioner's habeas petition and this Court's Order to Show Cause, the Government argues that Petitioner is properly subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  (ECF No. 4.)  The Government acknowledges, however, that Courts in this District have repeatedly rejected the contention that 8 U.S.C. § 1225(b)(2) provides the Government with the authority to detain aliens who have resided within the United States for a considerable period simply because they were not admitted or paroled after inspection at the border.  *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026).  The Government likewise acknowledges that Petitioner falls into this category as he has been at liberty in the United States since October 2023.  As it is clear that Petitioner falls within the class of people which this Court has previously held cannot be subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2) as he has resided in the United States for several years after his entry without inspection, his continued detention under that statute is unlawful.  *Valerio*, 2025 WL 3251445, at *3.  Petitioner's habeas petition must therefore be granted.

The Government argues, however, that if the Court grants the petition it should provide Petitioner only with the bond hearing to which he would be entitled had he been taken into custody under 8 U.S.C. § 1226(a), which the parties appear to agree could provide a lawful basis for detention during removal hearings, albeit with an entitlement to a bond hearing.  *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a flight risk or danger).  Notwithstanding that Petitioner may be

2

subject to detention under 8 U.S.C. § 1226(a), the Government did not take Petitioner into custody under that statute, nor has it provided Petitioner with the procedural protections available to aliens under § 1226(a), including a proper bond hearing at which release on bond is a live possibility. As this Court recently explained,

> It is not incumbent upon the Court to fix the Government's flawed application of § 1225(b)(2) by converting Petitioner's detention into a potentially lawful alternate form under a different statute with different procedural requirements and rules. This is especially so in light of the Government's recent actions in immigration proceedings and the Government's continued employment of an oft rejected legal position. *See Hueso*, 2026 WL 539271, at *3-4. Because the Government has only sought to detain Petitioner under 8 U.S.C. § 1225(b)(2), and he is clearly not subject to detention under that statute, and as that statute clearly does not apply to Petitioner, the Government [must] release Petitioner from custody immediately.

*Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026).

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall release Petitioner immediately. Petitioner's motion seeking a temporary restraining order (ECF No. 2) is denied as moot in light of Petitioner's release. An order consistent with this Memorandum Opinion will be entered.

Date: March 18, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**